IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Phillip C. Reeves,<br>　　　　　　Plaintiff,<br>　　vs.<br>Hobart Lewis; Michael Callison; Matthew Ruzika; Several Unknown Named Deputies of Greenville Cnty Sheriff's Office; James E. Hudson; E.M. O'Brien; Alexis McElrath; Latoya Barksdale; Unknown Named Cast Members for WYFF News Ch. 4 NBC; WLOS News Ch. 7 CBS; Fox News Ch. 21; Donna Reeves; Scotty Bodiford,<br>　　　　　　Defendants. | Civil Action No. 6:25-cv-116-CMC<br><br>**ORDER** |

　　　　This matter is before the court on Plaintiff's Complaint, brought pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings. On February 7, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending Plaintiff's Complaint be summarily dismissed without prejudice and without issuance and service of process. ECF No. 8. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections and supporting documents. ECF Nos. 11, 12.

　　　　The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made

by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Report recommends Plaintiff's Complaint be dismissed as duplicative and for lack of subject matter jurisdiction. ECF No. 8 at 3. Plaintiff has challenged his confinement pursuant to 28 U.S.C. § 2241, alleging the same or similar arguments, and that case remains pending. Case No. 0:24-cv-7650. He also has another § 1983 action pending regarding conditions of confinement. Case No. 0:24-cv-6885. The Magistrate Judge recommends dismissing claims in the instant case that are duplicative of those Plaintiff raised in other litigation. She also recommends dismissal of the state law allegations against local newscasters and Plaintiff's mother, for lack of subject matter jurisdiction in federal court. *Id.* at 5. Finally, the Report considered Plaintiff's request for counsel and denied appointment of counsel because dismissal is recommended for reasons unrelated to Plaintiff's ability to litigate his claims. *Id.* at 8.

Plaintiff objects to the Report, asserting his mail is being tampered with and the detention center is refusing to allow him access to the courthouse clerks, law library, legal materials, or phone. ECF No. 11. He notes he is representing himself in the state criminal action because his counsel leaked information to the solicitor, and he has reported this to the Office of Disciplinary Counsel. He "cannot get the court to help me and I cannot figure out why." *Id.* at 1. He contends

2

the state court is refusing to conduct a probable cause hearing or allow him to challenge "anything because they knew that my entire situation was staged by Greenville County Deputies and unlawfully arrested and detained by forgery and perjury." *Id.* at 1-2. He requests duplicative cases be removed or "blend both claims needed and remove the rest," and appoint counsel. *Id.* at 2. He explains he cannot make the state court do anything when they are "refusing to conduct any proceeding for my criminal setting." *Id.* at 2.

After considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge and Plaintiff's filings, the court agrees with the Report's recommendation the matter should be summarily dismissed. Plaintiff's claims regarding his state law prosecution and conditions of confinement are being addressed in his other two lawsuits. The court lacks jurisdiction over claims against in-state local newscasters and Plaintiff's mother. In addition, the court cannot order a state court to conduct criminal proceedings in a certain way. Finally, Plaintiff is in control of his civil cases and the court cannot merely "blend" needed claims and "remove the rest" as Plaintiff suggests. Accordingly, the court adopts the Report by reference in this Order.[1] This matter is hereby dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 26, 2025

---

[1] As Plaintiff's case is being dismissed, his request for counsel is denied.